

**ORDERED in the Southern District of Florida on June 25, 2018.**

Robert A. Mark, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**In re:**

| | |
|---|---|
| **Julio Alberto Arancibia** | **Case No. : 18-11674-BKC-RAM** |
| **Dominga Arancibia** | **Chapter 13** |
|                 **Debtor.**    / | |

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY BANK OF AMERICA /
BAYVIEW LOAN SERVICING, LLC**

THIS CASE came to be heard on May 15, 2018 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 27; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at 13670 SW 80 Street Miami, FL 33183, and more particularly described as

LOT 3, IN BLOCK 2, OF RIVERA SOUTH, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 134, AT PAGE 55, OF THE PUBLIC RECORDS OF DADE COUNTY, FLORIDA.

LF-92 (rev. 11/01/17)

is $ 308,912.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of <u>Bank of America</u> (the "Lender") is $315,796.00.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on OR BOOK 21799 Page 4448-4456 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

Law Offices of Patrick L Cordero, Esq.
Attorney for Debtor(s).
7333 Coral Way
Miami, Florida 33155
Tel: (305) 445-4855
         /s/  (FILED CM/ECF)
PATRICK L. CORDERO, ESQ.
FL Bar No. 801992

Patrick L. Cordero, Esquire is directed to furnish a conformed copy of this order to all interested parties.